ALD-167                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1419
_____

IN RE: NATHAN TERRY,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:20-cv-03521)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 29, 2021
Before:  MCKEE, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

Petitioner Nathan Terry seeks a writ of mandamus.  For the reasons below, we will

deny his petition.  Additionally, we will direct the Clerk of our Court to transfer his filing

docketed April 22, 2021, in this Court to the United States District Court for the Eastern

District of Pennsylvania to be docketed as a notice of appeal.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2017, after a bench trial in Montgomery County, Pennsylvania, Terry was convicted of aggravated assault, simple assault, terroristic threats, and harassment. He was sentenced to a term of five to ten years' incarceration. In June 2020, Terry sought federal habeas relief. After respondents opposed his petition, he sought entry of a default judgment against them, arguing that their response was filed too late.

After Terry's second motion for a default judgment was denied, he filed the present mandamus petition, contending that his claims had merit, that respondents filed a late response, and that respondents had violated his constitutional rights. Terry later filed a motion to amend his mandamus petition and an amended petition, again arguing that his constitutional rights had been violated and that he had been wrongfully convicted and sentenced. In the meantime, the District Court ruled on Terry's habeas petition and dismissed it. Terry then filed an additional motion in this Court, seeking to challenge the District Court's decision.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks and citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190

(2010) (per curiam) (internal quotation marks and citation omitted).

Terry fundamentally seeks review of the District Court's denial of his motions for default and the dismissal of his habeas petition. However, mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004). Terry's petition extensively discusses his disagreement with the District Court's adverse rulings against him and maintains that he should receive habeas relief, but Terry cannot claim that he has no other way of obtaining relief from those decisions when he has an adequate opportunity to appeal. See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006).

For these reasons, we will deny Terry's petition.[1] Because Terry's motion docketed April 22, 2021, in this Court evidences an intent to appeal the District Court's recent dismissal of his habeas petition, we will, out of an abundance of caution, direct the Clerk of our Court to transfer that filing to the District Court to be treated as a notice of appeal of the District Court's April 13, 2021 judgment. We express no opinion on the District Court's decisions or the merits of such an appeal.

---

[1] To the extent that Terry's pending motions seek to amend his mandamus petition, we grant them and we have considered his arguments. To the extent that his pending motions seek any other form of relief, they are denied.